Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

Michael D. Kinkley
Scott M. Kinkley
Michael *D. Kinkley, P.S.*
4407 N. Division Suite 914
Spokane, WA 99207
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW MARSHALL and all other similarly situated, | ) <br> ) |
|         Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| BONDED ADJUSTMENT COMPANY, a Washington Corporation, and SPOKANE EMERGENCY PHYSICIANS, P.S., a Washington Corporation, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
|         Defendants. | ) <br> ) <br> ) <br> ) |

Case No.: CV-11-022-RMP

COMPLAINT

CLASS ACTION

[FDCPA]

COMPLAINT  -1

KIRK D. MILLER P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 412-1494

Plaintiff Andrew Marshall, suing on his own behalf and on behalf of all other similarly situated, through his attorneys, Michael D. Kinkley and Scott M. Kinkley of *Michael D. Kinkley, P.S.* and Kirk D. Miller of *Kirk D. Miller, P.S.*, alleges the following:

## I. COMPLAINT

1.1.    This is an action for damages and remedies against Bonded Adjustment Company (hereinafter "Bonded") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., ("FDCPA"); for damages and remedies pursuant to the Washington State Consumer Protection Act (RCW 19.86 et seq.) ("WCPA"); and for damages and remedies pursuant to the State of Washington Collection Agency Act, RCW 19.16, ("WCAA");

1.2.    For damages and remedies against Spokane Emergency Physicians (hereinafter "SEP") pursuant to the Washington State Consumer Protection Act (RCW 19.86 et seq.) and the Washington State Industrial Insurance Act (RCW 55, et seq.)

## II. JURISDICTION & VENUE

2.1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state

COMPLAINT  -2

law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available

pursuant to 28 U.S.C. §2201 and §2202.

2.2.    Venue is proper in this District under 28 U.S.C. §1391(b) because the

Defendants conduct affairs and transact business in this District, the

unlawful acts giving rise to this Complaint occurred in this District, and

the Plaintiff resides within the territorial jurisdiction of the court.

### III. FEDERAL QUESTION SUBJECT MATTER JURISDICTION

3.1.    Plaintiff Andrew Marshall is a "consumer" as defined by the FDCPA 15

U.S.C. § 1692a(3).

3.2.    Plaintiff Andrew Marshall is a natural person.

3.3.    Plaintiff Andrew Marshall was alleged by the Defendants to be obligated

to pay a debt.

3.4.    Defendant Bonded attempted to collect a "debt" from as defined by

FDCPA 15 U.S.C. §1692a(5).

3.5.    The alleged debt of Andrew Marshall was an alleged obligation of

Plaintiff to pay money arising out of a transaction primarily for personal,

family, or household purposes.

3.6.    Defendant Bonded is a "debt collector" as defined by the FDCPA 15

U.S.C. §1692a(6).

COMPLAINT  -3

3.7.   Defendant Bonded is a "collection agency" as defined by RCW 19.16.100(2)

3.8.   The principle purpose of Defendant Bonded's business is the collection of debts.

3.9.   Defendant Bonded regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

## IV. PARTIES

4.1.   Now, and at all relevant times, Plaintiff Andrew Marshall was a resident of the State of Washington residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

4.2.   Defendant Bonded is a Washington corporation engaged in the business of collecting debts in the state of Washington, which debts were originally owed to another.

4.3.   Defendant SEP is a Washington corporation engaged in the business of providing medical services for profit with its principle place of business in Spokane County, Washington.

COMPLAINT  -4

## V. FACTS

5.1.    At all times relevant to this action, Plaintiff Andrew Marshall was an employee of the City of Spokane.

5.2.    On June 19, 2008 while performing his job duties for the City of Spokane, Plaintiff Marshall sustained a minor injury to his eye.

5.3.    City of Spokane employees are covered by the City of Spokane's self-insured insurance program for injuries sustained in the course and scope of the city employee's job duties.

5.4.    By treating a City of Spokane employee for an injury sustained in the course and scope of the employee's job duties, medical providers agree to accept the rules, regulations, and fee schedule for Washington State self-insured insurance plans.

5.5.    After sustaining the injury to his eye, Plaintiff Marshall's supervisor drove him to Sacred Heart Medical Center in Spokane, Washington for treatment of his injury.

5.6.    On the date he was injured and prior to treatment, Mr. Marshall disclosed to Sacred Heart Medical Center that he was an employee of the City of Spokane and that his injury was sustained while performing his job duties.

COMPLAINT  -5

5.7.   Mr. Marshall was treated at Sacred Heart Medical Center and released the same day.

5.8.   Following Sacred Heart Medical Center's treatment of Mr. Marshall's injury, SEP sent a bill for Mr. Marshall's injury treatment to the City of Spokane.

5.9.   Spokane Emergency Physicians failed to provide the required documentation with its initial claim to the City of Spokane for treating Mr. Marshall's injury.

5.10.   On November 18, 2008, the City of Spokane denied SEP's claim for reimbursement, pending additional documentation from SEP.

5.11.   After receiving communication from the City of Spokane stating that additional documentation would be required before the City of Spokane would reimburse SEP for Mr. Marshall's treatment, SEP sent a bill to Mr. Marshall, demanding payment from Mr. Marshall directly.

5.12.   WAC 296-20-020 states in part: "[A] worker shall not be billed for treatment rendered for his accepted industrial injury…"

5.13.   At the time SEP billed Mr. Marshall for treatment stemming from his on-the-job injury, SEP knew that Mr. Marshall's injury was sustained while he was working for the City of Spokane.

COMPLAINT  -6

5.14.  At the time SEP billed Mr. Marshall for treatment stemming from his on-the-job injury, SEP knew or should have known that WAC 296-20-020 prohibited SEP from billing Mr. Marshall directly for his injury.

5.15.  By billing Mr. Marshall directly for medical treatment related to his on-the-job injury, SEP violated WAC 296-20-020.

5.16.  When SEP did not receive payment from Mr. Marshall, SEP referred the bill for Mr. Marshall's treatment to Bonded for collection from Mr. Marshall.

5.17.  Bonded did not inquire from SEP whether Mr. Marshall was a recipient of medical benefits under any self-insured or industrial insurance plan.

5.18.  Bonded did not inquire from SEP whether SEP was entitled to the amount billed to Mr. Marshall and the City of Spokane.

5.19.  Bonded did not inquire whether SEP had contracted or agreed to accept an amount less than the amount billed by SEP to the City of Spokane and Mr. Marshall.

5.20.  At no time did Bonded utilize policies or procedures to prevent collection or attempts to collect money from Washington residents who are covered by a Washington self-insured or industrial insurance plan.

5.21.  At no time did Bonded utilize policies or procedures to prevent collection or attempts to collect more than the amount allowed from Washington

COMPLAINT  -7

residents who are covered by a Washington self-insured or industrial

insurance plan.

5.22.   Bonded sent dunning letters via U.S. mail to Mr. Marshall, in an attempt

to collect a debt on behalf of SEP.  The dunning letters to Mr. Marshall

were "communications", as defined by 15 USC § 1692a.

5.23.   Bonded attempted to contact Mr. Marshall by telephone in an attempt to

collect a debt on behalf of SEP.  The telephone calls to Mr. Marshall

were "communications", as defined by 15 USC 1692a.

5.24.   Bonded filed a lawsuit against Mr. Marshall in Spokane County District

Court (cause number 29109708) in an attempt to collect the debt on

behalf of SEP.

5.25.   On January 19, 2010, Mr. Marshall was served with a copy of the

Summons and Complaint filed by Bonded.

5.26.   In every communication by Bonded to Mr. Marshall, including the

lawsuit filed against Mr. Marshall, the Defendants attempted to collect

more money for the services provided to Mr. Marshall by SEP than was

allowed under the City of Spokane self-insured plan.

5.27.   By treating Mr. Marshall, the Defendants implicitly agreed to accept the

amount allowed under the City of Spokane self-insured plan, according

to the Washington State fee schedule.

COMPLAINT  -8

5.28.   On January 22, 2010, a letter was sent to Bonded by the City of Spokane, stating in part that "if Spokane Emergency Physicians would bill us directly with the appropriate CPT codes, we would gladly process the bill for payment."

5.29.   After Bonded received the January 22, 2010 letter from the City of Spokane, Bonded refused to dismiss its lawsuit against Mr. Marshall.

5.30.   In February, 2010, the City of Spokane received proper documentation of the claim from SEP.

5.31.   On February 12, 2010, the City of Spokane paid SEP in full, pursuant to the amount SEP was due under the Washington State self-insured plan and Washington State fee guidelines for the services rendered.

5.32.   SEP billed the City of Spokane more than the amount allowed by the Washington State self-insured plan reimbursement guidelines.

5.33.   The amount paid to SEP by the City of Spokane for treatment of Mr. Marshall's injury was less than the amount Bonded attempted to collect from Mr. Marshall.

5.34.   Bonded attempted to collect from Mr. Marshall more than the amount allowed by the Washington State self-insured plan reimbursement guidelines.

COMPLAINT -9

5.35.  Bonded was notified by SEP in February 2010 that SEP had been paid in full for services provided to Mr. Marshall by SEP.

5.36.  Despite being informed by SEP that SEP had been paid in full for services rendered to Mr. Marshall, Bonded continued to attempt to collect the full amount of the claim from Mr. Marshall.

5.37.  After SEP informed Bonded that it had been paid in full for services rendered to Mr. Marshall, and before Mr. Marshall filed his motion to dismiss, Bonded refused to dismiss its lawsuit against Mr. Marshall.

5.38.  On April 5, 2010, Bonded sent correspondence to Mr. Marshall's attorney, stating that despite the City of Spokane's payment to SEP, Mr. Marshall still owed Bonded Two Hundred One Dollars and Two Cents ($201.02).

5.39.  Bonded did not amend its Complaint to reflect that SEP had been paid any amount as reimbursement for services provided to Mr. Marshall by SEP.

5.40.  In May 2010, approximately three (3) months after SEP had been paid in full by the City of Spokane, Mr. Marshall, through his attorney moved the Spokane County District Court for an Order of Dismissal of Bonded's claim against him.

COMPLAINT  -10

5.41.   The Spokane County District Court dismissed Bonded's claim against Mr. Marshall on May 21, 2010 with prejudice, pursuant to WAC 296-20-020.

## VI. CLASS ALLEGATIONS

6.1   This action is brought on behalf of a class consisting of:

6.1.1   All residents of the State of Washington;

6.1.2   Who are covered by the Washington State Industrial Insurance Act (RCW 51, et seq.);

6.1.3   Who sustained an injury covered by Washington Industrial Insurance or a self-insured insurance plan;

6.1.4   And to whom SEP or Bonded sent a bill or attempted to collect any amount of money related to the covered injury.

6.2   This action is brought on behalf of a subclass consisting of:

6.2.1   All employees of the City of Spokane;

6.2.2   Against whom Defendants sent a bill, dunning letter, filed a lawsuit, or otherwise collected or attempted to collect any amount of money;

6.2.3   That was based on medical treatment provided to a City of Spokane employee.

6.2.4   In violation of WAC 296-20-020.

COMPLAINT  -11

6.3     The class period for the FDCPA is one (1) year prior to the date of filing this action. The class period for the WCPA and WCAA is the four (4) year period prior to the date of the filing of this Complaint.

6.4     The class is sufficiently numerous that joinder of all members is impractical.

    6.4.1     The City of Spokane has employed hundreds or thousands of individuals during the applicable class period;

    6.4.2     The illegal practice of attempting to collect from City of Spokane employees directly, in violation of WAC 296-20-020 is believed to be a common practice and a policy decision of SEP and Bonded.

    6.4.3     The practices of collecting and attempting to collect from City of Spokane employees by the Defendants are similar to those found previously to be improper by the Spokane County District Court.

6.5     There are questions of law and fact common to the class, which questions predominate over any questions peculiar to individual class members.

6.6     The principal issues include whether Bonded violated the FDCPA, WCAA, and the WCPA by:

COMPLAINT  -12

6.6.1    Using false representations or deceptive means to collect or attempt to collect a debt;

6.6.2    Using unfair or unconscionable means to collect or attempt to collect a debt;

6.6.3    Threatening and/or taking action that could not legally be taken;

6.7    And whether SEP violated the Washington Consumer Protection Act (WCPA) by:

6.7.1    Using false representations or deceptive means to collect or attempt to collect a debt;

6.7.2    Using unfair or unconscionable means to collect or attempt to collect a debt;

6.7.3    Threatening and/or taking action that could not legally be taken;

6.8    There are no individual questions, other than issues which can be determined by a ministerial inspection of Defendants' records. There are no individual questions peculiar to individual class members.

6.9    Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

6.10    Plaintiff will fairly and adequately represent the interest of the class members. He is committed to vigorously litigating this matter. Plaintiff

COMPLAINT  -13

has retained counsel experienced in prosecuting class actions and claims

involving unlawful collection matters. Neither the Plaintiff nor his

counsel have any interests which might cause them not to vigorously

pursue this claim.

6.11    A class action is a superior method for the fair and efficient adjudication

of this controversy.

6.12    Class wide damages are essential to induce Defendants to comply with

the law.

6.13    The interest of the class members in individually controlling the

presentation of separate claims against the Defendants is small because

the maximum statutory damages in an individual FDCPA action are

$1,000.00.

6.14    Certification of a class pursuant to Rule 23(b)(3) of the Federal Rules of

Civil Procedure is appropriate. A class action is the only appropriate

means of resolving this controversy because the class members are not

aware of their rights.  In the absence of a class action, a failure of justice

will result.

6.15    Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of

Civil Procedure is also appropriate. Defendants have acted on grounds

COMPLAINT  -14

KIRK D. MILLER P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 412-1494

generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

## X. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

7.1    The debt collector Defendant Bonded, through its own acts, by and through their agents and employees, and their policies and procedures, have violated the FDCPA which has caused damage to Plaintiff.

7.2    Bonded falsely represented the character, amount, and/or legal status of the alleged debt, violating 15 USC § 1692e, 15 USC § 1692e(2)(A), and other provisions of the FDCPA.

7.3    Bonded made misleading and deceptive statements in the collection of a debt in violation of 15 USC § 1692e.

7.4    Bonded has threatened to take action that cannot legally be taken, violating 15 USC § 1692e, 15 USC § 1692e(5) and other provisions of the FDCPA.

7.5    Bonded made misleading and deceptive statements in the collection of a debt in violation of 15 USC § 1692e.

7.6    Bonded misrepresented the amount due and that any amount was due from the Plaintiff.

COMPLAINT  -15

7.7     Bonded misrepresented the amount due for interest and the amount due for principal.

7.8     Bonded used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC § 1692f including but not limited to 15 USC § 1692f(1).

7.9     The attempt to collect or collection of such an amount is neither expressly authorized by an agreement creating the debt nor permitted by law, therefore in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA.

7.10    The Defendants' violation of the FDCPA has caused actual damages to the Plaintiff.

## XIII. VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT

8.1     Defendant Bonded is a "collection agency" as defined by RCW 19.16.100(2).

8.1.1       Defendant Bonded is in violation of RCW 19.16 et seq.

8.1.2       In particular, Bonded violated RCW 19.16.250(c) that states "If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than

COMPLAINT  -16

indicated in his or its first notice to the debtor, an itemization of the

claim asserted must be made including:

8.1.2.1        (i) Amount owing on the original obligation at the time it

was received by the licensee for collection or by assignment;

8.1.2.2        (ii) Interest or service charge, collection costs, or late

payment charges, if any, added to the original obligation by the

original creditor, customer or assignor before it was received by

the licensee for collection, if such information is known by the

licensee or employee: PROVIDED, That upon written request of

the debtor, the licensee shall make a reasonable effort to obtain

information on such items and provide this information to the

debtor;

8.1.2.3        (iii) Interest or service charge, if any, added by the

licensee or customer or assignor after the obligation was received

by the licensee for collection;

8.1.2.4        (iv) Collection costs, if any, that the licensee is

attempting to collect;

8.1.2.5        (v) Attorneys' fees, if any, that the licensee is attempting

to collect on his or its behalf or on the behalf of a customer or

assignor;

COMPLAINT  -17

8.1.2.6          (vi) Any other charge or fee that the licensee is

attempting to collect on his or its own behalf or on the behalf of a

customer or assignor.

8.2    Defendant Bonded violated RCW 19.16.250(14)(15) and (18) by

misrepresenting the amount due and attempting to collect amounts in

excess of that allowed by law.


IX. VIOLATION OF THE
CONSUMER PROTECTION ACT

9.1    Defendants SEP and Bonded each violated RCW 19.86, et seq. the

Washington Consumer Protection Act (WCPA).

9.2    Defendant Bonded's violation of the Washington State Collection

Agency Act is a per se violation of the Washington State Consumer

Protection Act (RCW 19.16.440).

9.3    Defendant Bonded's violation of the Washington State Collection

Agency Act (WCAA) prohibited practices section, RCW 19.16.250 is an

unfair act or practice and/or an unfair method of competition in the

conduct of trade or commerce.

9.4    Defendants Bonded's violation of the Washington State Collection

Agency Act (WCAA) prohibited practices section, RCW 19.16. affects

COMPLAINT  -18

the public interest in violation of the Washington State Consumer

Protection Act.  (RCW 19.16.440).

9.5    Defendant Bonded has violated the WCAA including but not limited to

the prohibited practices section (RCW 19.16.250).

9.6    Defendant Bonded has violated the Washington Administrative Code

governing the actions of collection agencies.

9.7    The business of collection agencies, as well as all acts and practices of

collection agencies, debt collectors, are subject to the Consumer

Protection Act, RCW 19.86 and subsequent sections.

9.8    The Consumer Protection Act of the State of Washington requires that all

collection agencies, their agents, and debt collectors abstain from unfair

or deceptive practices or acts and unfair methods of competition.

9.9    The Consumer Protection Act of the State of Washington requires that all

businesses operating in the State of Washington abstain from unfair or

deceptive practices or acts and unfair methods of competition.

9.10   By attempting to collect money from the Plaintiff that he did not owe, in

violation of WAC 296-20-020, Defendants SEP and Bonded,

individually and/or by and through their agents and employees, policies

and procedures, have engaged in deceptive acts and practices, unfair acts

COMPLAINT  -19

and practices, and unfair methods of competition that have caused injury to the Plaintiff.

9.11    Defendants SEP and Bonded are in businesses that involve trade or commerce.

9.12    Defendants SEP's and Bonded's unlawful and unfair attempts to collect money from Washington consumers are against public interest.

9.13    Defendants SEP's and Bonded's actions were the direct cause of injury to Plaintiff's property including but not limited to postage fees, mileage, costs in defending the Spokane County District Court action that was wrongfully filed against him.

9.14    SEP's and Bonded's violations have harmed and unless enjoined will continue to harm the public interest by causing Washington residents to incur charges that are unfair deceptive, unlawful, and an unfair method of competition.

## X. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

10.1    Actual damages;

10.2    Statutory damages pursuant to the FDCPA, 15 U.S.C.  § 1692k(a)(2).

10.3    Statutory damages pursuant to the FDCPA 15 U.S.C. § 1692k(a)(2)(B)

COMPLAINT  -20

KIRK D. MILLER P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 412-1494

10.4    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C.

§1692k(a)(3);

10.5    Costs and reasonable attorney's fees pursuant to the Washington

Consumer Protection Act, RCW 19.86;

10.6    Treble damages pursuant to the Washington Consumer Protection Act,

RCW 19.86;

10.7    Declaratory Judgment that Bonded's practices violate the Fair Debt

Collection Practices Act; the Washington Consumer Protection Act;

and/or the Washington Collection Agency Act.

10.8    Disgorgement pursuant to RCW 19.16.450 of all interest, service

charges, attorney's fees, collection costs, delinquency charge or any other

fees or charges otherwise legally chargeable to the debtor on such claim,

wrongfully collected by Defendants or any of them;

10.9    Injunction preventing the Defendants SEP and Bonded from wrongfully

billing and collecting or attempting to collect debts from City of Spokane

employees incurred for medical expenses related to on-the-job injuries.

10.10  For such other and further relief as may be just and proper.


DATED this 18th day of January, 2011.


COMPLAINT  -21

*Kirk D. Miller, P.S. .*

/s Kirk D. Miller
Kirk D. Miller
WSBA # 40025
Attorney for Plaintiff

COMPLAINT  -22