Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

Michael D. Kinkley
Scott M. Kinkley
*Michael D. Kinkley, P.S.*
4407 N. Division Suite 914
Spokane, WA 99207
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW MARSHALL and all other similarly situated,<br><br>             Plaintiff,<br><br>   v.<br><br>BONDED ADJUSTMENT COMPANY, a Washington Corporation, and SPOKANE EMERGENCY PHYSICIANS, P.S., a Washington Corporation,<br><br>             Defendants. | Case No.: CV-11-022-RMP<br><br>RESPONSE TO DEFENDANT BONDED'S MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER ON BONDED'S NET WORTH |

The Class Certification motion deadline is July 1, 2011.

Defendant Bonded's attorney, Jeff Hasson is an experienced FDCPA defense counsel. He has defended a number of FDCPA class cases. He is well

---

RESPONSE TO DEFENDANT BONDED'S MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER ON BONDED'S NET WORTH  -1-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

aware of the FDCPA class statutory damages and the discovery associated with Plaintiff's claims.

Federal Rule of Civil Procedure 26 is both explicit and specific in its requirements and procedures. Mr. Hasson conferred with Plaintiff's counsel. In none of the several conferences or review of several drafts of the Joint Certificate did Mr. Hasson indicate his client wanted bifurcation. To the contrary, Bonded agreed in the Joint Certificate to the court that "Modification of Standard pretrial procedures". "The parties do not believe that there is a need for modification of the standard pretrial procedures." "**The parties do not believe that there is a need for bifurcation or Structure Sequence of Trial**." (emp. added). **…**" (ECF No. 15). Mr. Hasson failed to appear at the telephonic scheduling conference. He did not send an email to counsel or the Court indicating he was having telephone issues. The Court issued a Scheduling Order which did not include bifurcation since none was requested. (ECF No. 26).

The deadline to file the Motion for Class Certification is July 31, 2011. (ECF No. 26, p. 3). Plaintiff served net worth discovery (Requests for Production #1-25, Interrogatories #1-3) on Defendant Bonded on April 1, 2011. Defendant has not answered any of the questions or produced any documents. The Court gave Defendant Bonded an extension to May 31, 2011 to answer. Instead, Bonded filed for a Protective Order claiming (without filing a motion to amend the Scheduling

Order) that they unilaterally want to change the discovery plan in the Scheduling Order to bifurcate the proceedings (after the class certification and other deadlines have already been established.

On April 5, 2011, Plaintiff served "merits" and "class elements" related to discovery (2nd Requests for Production #26-44, 2nd Interrogatories #4-9) on Defendant Bonded. Bonded was granted a thirty (30) day extension to May 31, 2011 to *answer*. Instead of properly answering, Bonded has moved for a Protective Order with the explanation that Bonded's attorney has reviewed Bonded's files and determined that there is no numerosity. Unfortunately, Bonded's attorney made that same misrepresentation in conjunction with Initial Disclosures. In the Federal Rules of Civil Procedure, Rule 37 discussions, Plaintiff's counsel insisted on seeing the collector's notes rather than Bonded's counsel's summary. Bonded's counsel assured Plaintiff that Mr. Marshall was the only Labor & Industries claim that Bonded had attempted to collect. The very first document in the collector's notes produced April 23, 2011 indicated that Bonded had violated Washington State Labor & Industries for that alleged debtor (who was not Mr. Marshall).

Instead of providing discovery, Bonded seeks to tell us what their records say instead of showing us. Unfortunately, they have not been accurate, nor is Plaintiff required to rely on Bonded's interpretation of its records, rather than the records themselves.

In ECF No. 15, p. 3, ¶ d. "Proposed Discovery Plan." "The parties have agreed to the Court's standard discovery plan based on a trial date to be set by the Court"; ¶ e. "Pretrial Procedures and Class Certification". "Standard pretrial procedures are appropriate". Defendant Bonded sets a limiting date on the Motion for Class Certification (July 1, 2011) but now claims it has a right to refuse discovery related to both determining if class criteria exist and the net worth which inform whether an individual or a class action is ultimately more beneficial to putative class members. Net worth determination requires experts who need sufficient time to review the information produced. Defendant Bonded was granted an extended time to *answer* and then did not answer. Bonded admitted in the FRCP 37 conference that was going to object (rather than answer) which is why Plaintiff would not agree to an extension. Plaintiff would generally agree to an extension to *answer,* but would not agree to thirty (30) extra days to make an objection and refusal to answer (that Bonded was already claiming). It is gamesmanship on the part of Bonded. Bonded provided no answers to the net worth discovery and some limited answers to the other written discovery. But, even what was provided was redacted with no privilege log. FRCP 26(b)(5)(ii).

The Scheduling Order further states: ¶ g. "Modification of Standard pretrial procedures". "The parties do not believe that there is a need for modification of the

RESPONSE TO DEFENDANT BONDED'S
MOTION TO STAY DISCOVERY AND FOR
PROTECTIVE ORDER ON BONDED'S NET
WORTH  -4-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

standard pretrial procedures." "**The parties do not believe that there is a need for bifurcation or Structure Sequence of Trial**." (emp. added).

ECF No. 26, p. 2 ¶ 3 "Any motion to amend pleadings or add named parties be filed and served on or before **May 26, 2011**."

ECF No. 26, p. 3 ¶ 4 "If the Plaintiff chooses to file a Motion for Class Certification, Plaintiff shall do so by **July 31, 2011**."

ECF No. 26, p. 3 ¶ 5 "The parties shall identify expert witnesses to be called at trial and shall exchange Rule 26 materials, including expert witness reports, for those witnesses on or before **November 18, 2011**…"

ECF No. 26, p. 4 ¶ 6 "All discovery shall be completed on or before **January 6, 2012**."

All of these deadlines are impacted by the extension granted to Bonded without any opportunity to respond and now Bonded seeks to further frustrate the process by seeking a protective order to avoid answering the discovery it was unilaterally granted more time to answer.

Dated this the 14th day of June, 2011.

*Michael D. Kinkley P.S.*

<u>s/Michael D. Kinkley</u>
Michael D. Kinkley
WSBA # 11624
Attorney for Plaintiff
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net

CM/ECF CERIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Michael D. Kinkley | mkinkley@qwestoffice.net, pleadings@qwestoffice.net; pwittry@qwestoffice.net; |
| Scott M. Kinkley | skinkley@qwestoffice.net; |
| Kirk D. Miller | kmiller@millerlawspokane.com; |
| Jeffrey I. Hasson | hasson@dhlaw.biz; |
| Troy Y. Nelson | tyn@randalldanskin.com; |
| Thomas W. McLane | twm@randalldanskin.com |

*Michael D. Kinkley P.S.*

s/Scott M. Kinkley
Scott M. Kinkley
WSBA # 42434
Attorney for Plaintiff
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
skinkley@qwestoffice.net