UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW MARSHALL and all other similarly situated,<br><br>                        Plaintiff,<br><br>   v.<br><br>BONDED ADJUSTMENT COMPANY, a Washington Corporation, and SPOKANE EMERGENCY PHYSICIANS, P.S., a Washington Corporation,<br><br>                        Defendants. | NO: CV-11-22-RMP<br><br>ORDER GRANTING DEFENDANT BONDED ADJUSTMENT COMPANY'S MOTION FOR PROTECTIVE ORDER |

## INTRODUCTION

Before the Court is Defendant Bonded Adjustment Company's Motion to Stay Discovery and for Protective Order on Bonded's Net Worth, ECF No. 37. The Court has reviewed the relevant pleadings and the file in this case and is fully informed.

## BACKGROUND

The Plaintiff, Andrew Marshall, brought this action against defendants Bonded Adjustment Company ("Bonded") and Spokane Emergency Physicians, P.S., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Washington Collection Agency Act, and the Washington Consumer Protection Act. ECF No. 1. Mr. Marshall brought the action as a class action on behalf of all other similarly situated persons. ECF No. 1.

The parties filed a joint certificate pursuant to LR 26.1. In that certificate, the Parties agreed to follow the standard pretrial procedures used by this Court and agreed that there was no need for bifurcation of the class certification and merits portions of discovery. ECF No. 15 at 3. The Court entered a scheduling order that did not bifurcate discovery. *See* ECF No. 26. Bonded now moves this Court to forbid discovery regarding Bonded's net worth until and unless a class is certified. ECF No. 38 at 4.

## APPLICABLE LAW

A party may move for a protective order in the court where the action is pending. Fed. R. Civ. P. 26(c). If the motion establishes good cause, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

**DISCUSSION**

Bonded argues that the court should issue a protective order preventing discovery of Bonded's net worth information unless and until a class is certified. Bonded asserts that its net worth is irrelevant unless a class is certified, and that engaging in possibly unnecessary discovery would only increase costs of litigation. Mr. Marshall responds that Bonded had its chance to bifurcate discovery but chose not to do so and that bifurcating now would only delay litigation. In light of the sensitive nature of financial documentation and its conditional relevancy, the Court finds that there is good cause for entry of a protective order.

An individual suing under the FDCPA may seek actual damages, statutory damages up to $1,000, costs, and fees. 15 U.S.C. § 1692k(a)(1)-(3). The named plaintiffs in a class action under the FDCPA make seek the same relief as an individual plaintiff. *Id.* § 1692k(a)(2)(B). Those class members who are not named plaintiffs may recover "such amount as the court may allow . . . , without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." *Id.*

From the foregoing, it is clear that when an FDCPA action is brought as a class action, a debt collector's net worth is relevant to the issue of class damages. However, when an FDCPA action is brought on behalf of an individual, the net worth damages provision does not apply. There has been no evidence or argument

presented to support the conclusion that Bonded's net worth is relevant outside of the class damages context.

The class certification process has not been completed in this case. There is currently a motion pending before this Court to continue the deadline for a motion to certify. Until certification is resolved, it will remain unclear whether Bonded's net worth will become relevant.

Financial information is sensitive, and parties have a strong interest in protecting their financial information. In light of the fact that Bonded's net worth may not become relevant in this case, the Court concludes that Bonded's interests in nondisclosure of its financial information, and the benefit of reducing costs for possibly unnecessary discovery, establish good cause for entry of a protective order precluding discovery of information regarding Bonded's net worth unless and until a class is certified.

The Court wishes to make clear, however, that its decision is not based on Bonded's assertion that the Plaintiff will be unable to meet the numerosity requirement for certification. The question of certification will be resolved only upon resolution of a motion to certify and not before. This protective order is limited solely to Bonded's net worth information that is relevant solely for the issue of class damages. Bonded must otherwise comply with discovery requests

regarding information relevant to class certification and the merits of the class action.

The Court recognizes the Plaintiff's concerns about scheduling and recognizes that Bonded had an opportunity to address bifurcation in the original scheduling order. However, in light of the Plaintiff's motion to continue trial and enter a new scheduling order, ECF No. 47, those concerns are diminished, and any ill effects resulting from entry of the protective order may be ameliorated by entry of a new scheduling order. Accordingly, **IT IS HEREBY ORDERED:**

1. Bonded's Motion to Stay Discovery and for Protective Order on Bonded's Net Worth, **ECF No. 37**, is **GRANTED**.

2. Plaintiff shall not inquire about information the sole relevance of which is Bonded's net worth as it relates to statutory class damages under 15 U.S.C. § 1692k(a)(2)(B) unless and until a class is certified.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 2nd of September, 2011.

        *s/ Rosanna Malouf Peterson*
       ROSANNA MALOUF PETERSON
      Chief United States District Court Judge

ORDER GRANTING DEFENDANT BONDED ADJUSTMENT COMPANY'S MOTION FOR PROTECTIVE ORDER ~ 5